IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **AMY BALLIDIS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-403-ALM-KPJ |
| | § | |
| **KILOLO KIJAKAZI,**[1] | § | |
| *Acting Commissioner of Social Security*, | § | |
| | § | |
| **Defendant.** | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Amy Ballidis ("Ms. Ballidis") brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security (the "Commissioner") denying her claim for disability insurance benefits. Having considered the briefs submitted by the parties and the administrative record, the Court recommends the Commissioner's final decision be **AFFIRMED**.

## I. APPLICABLE LAW

### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must establish that he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a).

---

[1] Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration on July 9, 2021, and is automatically substituted as the defendant in this action. FED. R. CIV. P. 25(d).

1

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process. 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) the claimant is not engaged in "substantial gainful activity"; (2) the claimant has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and (3) the impairment(s) either meet or equal one of the Listings[2] of presumptively disabling impairments; or (4) the claimant is unable to perform his or her "past relevant work." 20 C.F.R. § 404.1520(a)(4)(i)–(iv); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). If the claimant cannot show that his or her impairment meets or equals a Listing but proves that he or she is unable to perform his or her "past relevant work," the burden of proof shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994); *Graves v. Colvin*, 837 F.3d 589, 592 (5th Cir. 2016) ("The burden of proof is on the claimant for the first four steps but shifts to the agency at step five; a finding at any step that a claimant is or is not disabled ends the analysis.").

**B.  Standard of Review**

The standard of review in a social security appeal is whether the Commissioner's final decision[3] "is supported by substantial evidence in the record and whether the proper legal standards were used in evaluating the evidence." *Bowling*, 36 F.3d at 434 (quoting *Villa*, 895 F.2d at 1021). If substantial evidence supports the Commissioner's findings and the correct legal

---

[2] 20 C.F.R. pt. 404, subpt. P, app. 1.

[3] The Court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. § 416.1481, as it is in this case.

standards were applied, the Commissioner's decision stands, and the plaintiff is not entitled to relief. *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pena v. Saul*, 846 F. App'x 308, 309 (5th Cir. 2021) (per curiam) (internal quotation marks omitted) (quoting *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)). "[I]t must be more than a scintilla, but it need not be a preponderance." *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995) (quoting *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992)). Substantial evidence "must do more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'" *Bailey v. Saul*, 853 F. App'x 934, 935 (5th Cir. 2021) (per curiam) (quoting *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988) (per curiam) (internal citation omitted)). The Court "may not reweigh the evidence in the record, nor try the issues *de novo*, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision." *Bowling*, 36 F.3d at 434 (quoting *Harrell*, 862 F.2d at 475). Rather, evidentiary conflicts are for the Commissioner to decide, and "if a decision is supported by substantial evidence, it must be affirmed even if there is contrary evidence." *Bailey*, 853 F. App'x at 935 (citing *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990) (per curiam)). However, the Court must do more than "rubber stamp" the decision; the Court must "scrutinize the record and take into account whatever fairly detracts from the substantiality of evidence supporting the [Commissioner's] findings." *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985).

## II.  BACKGROUND AND PROCEDURAL HISTORY

Ms. Ballidis was born in 1968, attended four or more years of college, and last worked in 2018 as a paralegal.[4] *See* Tr. 29, 151, 188–192, 215. On April 25, 2019, Ms. Ballidis filed an application for disability insurance benefits ("DIB"), alleging disability since October 31, 2018, due to "SP Spinal Cord Stimulator 11/2018" and cervicalgia. *See id.* at 21, 188–99. The Social Security Administration ("SSA") denied Ms. Ballidis's claim initially on July 9, 2019, and upon reconsideration on October 23, 2019. *See id.* at 94–99. Thereafter, Ms. Ballidis filed a written request for a hearing. *See id.* at 100–01. On July 21, 2020, Administrative Law Judge Thomas Wheeler (the "ALJ") held a hearing. *See id.* at 36–64. The hearing was attended by Ms. Ballidis, her attorney, and a vocational expert ("VE"). *See id.* at 38, 55.

On October 28, 2020, the ALJ issued an unfavorable decision denying Ms. Ballidis's claim. *See id.* at 16–31. In her decision, the ALJ found Ms. Ballidis met the insured status requirements of the Social Security Act through December 31, 2023. *See id.* at 21. At step one, the ALJ found that Ms. Ballidis had not engaged in substantial gainful activity since the alleged onset date, October 31, 2018. *See id.* At step two, the ALJ found that Ms. Ballidis had the following severe impairments: degenerative disc disease of the cervical spine with radiculopathy and left anterior cruciate ligament ("ACL") tear. *See id.* At step three, the ALJ found that none of Ms. Ballidis's impairments, alone or in combination, met or medically equaled a Listing. *See id.* at 24–25. Because the ALJ found that none of the impairments met a Listing, the ALJ assessed Ms. Ballidis's RFC. *See id.* at 25–28. The ALJ found Ms. Ballidis had the RFC to:

> lift, carry, push, and pull 20-pounds occasionally and 10-pounds frequently. The claimant can sit for a total of 6-hours of an 8-hour workday and can stand and walk

---

[4] Documents 11-1 through 11-8 comprise the Administrative Record ("Tr."). When citing to the record, the Court cites to the Tr.'s internal pagination in the lower right-hand corner of each page, rather than to the CM/ECF document number and page.

for a total of 6-hours of an 8-hour workday. The claimant can occasionally perform reaching (in all directions), handling, fingering, and feeling with the right upper extremity. Finally, the claimant can occasionally climb ramps and stairs, can occasionally climb ladders, ropes, and scaffolds, and can perform occasional balancing, stooping, kneeling, crouching and crawling.

*Id.* at 25. At step four, the ALJ found that Ms. Ballidis was unable to perform any past relevant work. *See id.* at 29. At step five, the ALJ determined that considering Ms. Ballidis's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy she could perform. *See id.* at 30. Relying on the VE's testimony, the ALJ determined that Ms. Ballidis could perform occupations such as usher, children's attendant, and furniture rental clerk. *See id.* Accordingly, the ALJ concluded Ms. Ballidis was not disabled within the meaning of the Social Security Act (the "Act"). *See id.* at 31.

Ms. Ballidis requested that the Appeals Council review the ALJ's unfavorable decision. *See id.* at 148–50. On April 1, 2021, the Appeals Council denied the request for review. *See id.* at 1–3. Therefore, the ALJ's decision became the Commissioner's final decision. *See Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); 42 U.S.C. § 405(g). Ms. Ballidis filed her appeal to this Court on May 27, 2021.[5] *See* Dkt. 1.

### III. ANALYSIS

Ms. Ballidis argues both that the ALJ applied the incorrect legal standards and the ALJ's RFC determination is not supported by substantial evidence. *See* Dkt. 13 at 11–17. Ms. Ballidis focuses her arguments on the ALJ's alleged error to properly consider Ms. Ballidis's limitations in carrying and manipulative ability in the physical RFC assessment. *See id.* at 13–14. For the reasons that follow, the Court finds the Commissioner's final decision should be affirmed.

---

[5] A claimant has sixty days to file an appeal. The sixty days begins running five days after the decision is mailed. 20 C.F.R. § 404.981; *see also* Tr. 2.

5

### A.  Evaluation of Physical Therapist Andrew Martinez's Opinion

Ms. Ballidis filed her application for DIB on April 25, 2019. *See* Tr. 20. Therefore, the revised regulations pertaining to medical opinion evidence apply to this case. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844 (Jan. 18, 2017). For claims filed on or after March 27, 2017, all medical sources can provide evidence that is categorized and considered as medical opinion evidence and subject to the same standard of review. *See* 20 C.F.R. § 404.1520c (2017) ("How we consider and articulate medical opinions and prior administrative medical findings for claims filed on or after March 27, 2017."). Pursuant to the new regulations, the SSA "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." *Id.* § 404.1520c(a). Rather, the SSA articulates the persuasiveness of the medical opinions and all of the prior administrative medical findings considering the five factors of supportability, consistency, relationship with the claimant, specialization, and "other factors." *Id.* § 404.1520c(b)–(c).

The new SSA regulations impose three "articulation requirements" when an ALJ considers medical opinion evidence. *See id.* § 404.1520c(b). First, "when a medical source provides multiple medical opinion(s)," the ALJ need not articulate how he or she considered each individual medical opinion; rather, the ALJ "will articulate how [he or she] considered the medical opinions . . . from that medical source together in a single analysis." *Id.* § 404.1520c(b)(1). Second, while an ALJ must consider the factors when evaluating medical opinion evidence, *see id.* § 404.1520c(c)(1)–(5), the ALJ is generally only required to articulate his or her consideration of two of those factors: supportability and consistency. *Id.* § 404.1520c(b)(2). Finally, if differing medical opinions are equally well-supported and consistent with the record, the ALJ must then "articulate how [he or

6

she] considered the other most persuasive factors . . . for those medical opinions." *Id.* § 404.1520c(b)(3).

On appeal, Ms. Ballidis contends the ALJ's physical RFC assessment was improper because "it is not clear if or how the ALJ addressed [Ms. Ballidis's] carrying limitations" and the Court "cannot conduct meaningful review where no explanation of why [a] 'persuasive' opinion containing sedentary restrictions in [the] RFC is not adopted." Dkt. 13 at 12. Ms. Ballidis argues the ALJ found physical therapist Andrew Martinez's opinion persuasive but "[w]hile Ms. Ballidis does not disagree, ultimately, with [physical therapist Andrew] Martinez's findings, she does not know if this is [a] medical opinion to be weighed – or should be considered objective medical evidence of her functional limitations and residual functional capacity." *Id.* Ms. Ballidis asserts "[r]egardless of whether it is considered persuasive opinion or objective medical evidence, the recitation of [physical therapist Andrew] Martinez's findings in the [ALJ's decision] is vague and any failure to accurately reflect the findings is necessary [sic]." *Id.* In response to Ms. Ballidis's argument, the Commissioner argues the ALJ's evaluation of the medical evidence and opinions comports with the relevant guidelines as "the regulations governing claims filed on or after March 27, 2017 no longer mandate particularized procedures that the adjudicator must follow in considering opinions from treating sources . . . ." Dkt. 14 at 6. The Commissioner also argues the ALJ was not required to recite any medical opinion verbatim in the RFC assessment. *See id.* at 9.

Ms. Ballidis's argument that it was error for the ALJ to not provide an explanation as to why the ALJ did not include sedentary restrictions from physical therapist Andrew Martinez's assessment in the RFC is unavailing. Contrary to Ms. Ballidis's assertions, the ALJ is only required to provide an "accurate and logical bridge" within his RFC explanation for meaningful judicial review. *Price v. Astrue*, 401 F. App'x 985, 986 (5th Cir. 2010) (per curiam) (citation omitted);

7

*Grennan v. Comm'r of Soc. Sec.*, No. 4:21-cv-00645, 2022 WL 2056277, at *4 (N.D. Tex. May 23, 2022), *R. & R. adopted*, 2022 WL 2053168 (N.D. Tex. June 7, 2022) ("[W]ord-for-word recitations are not required so long as the explanation permits meaningful judicial review." (citing 20 C.F.R. § 404.1520c; *Hernandez v. Astrue*, 278 F. App'x 333, 338 (5th Cir. 2008) (per curiam))). Furthermore, the ALJ is not required to adopt the RFC verbatim from a medical opinion—even one the ALJ finds persuasive. *See Webster v. Kijakazi*, 19 F.4th 715, 719 (5th Cir. 2021) ("Though the ALJ neither adopted the state agency report verbatim nor accepted the testimony of [the doctor], it cannot be said that his decision was not based on substantial evidence or that he improperly applied the relevant legal standards."); *see also Kirkwood v. Comm'r of Soc. Sec.*, No. 1:21-cv-116, 2022 WL 17347796 at *6 (E.D. Tex. Nov. 8, 2022), *R. & R. adopted*, 2022 WL 17348164 (E.D. Tex. Nov. 30, 2022) ("The social security regulations explain that the ALJ is the fact-finder in making the RFC assessment, and the ALJ is not required to adopt the RFC verbatim from a medical opinion, as this would nullify his role as fact-finder.") (citations omitted). The ALJ was therefore not required to adopt the sedentary RFC in physical therapist Andrew Martinez's opinion, even though the ALJ found this opinion persuasive, because the ALJ must consider the evidence in the record as a whole. *See Andrews v. Astrue*, 917 F. Supp. 2d 624, 642 (N.D. Tex. 2013) ("An ALJ is free to incorporate only those limitations that he finds 'consistent with the weight of the evidence as a whole.'" (citing *Hernandez*, 278 F. App'x at 338)).

Accordingly, the Court concludes the ALJ applied the correct legal standard in the evaluation of physical therapist Andrew Martinez's medical opinion. The ALJ found the opinion of physical therapist Andrew Martinez to be persuasive "as it is consistent with the record as a whole, all of claimant's symptoms were considered, and the opinion is supported with explanation and objective testing." Tr. 28. The ALJ discussed physical therapist Andrew Martinez's findings

that Ms. Ballidis had the ability to occasionally lift up to twenty pounds from the floor to the waist and waist to the shoulder, her ability to carry ten pounds from the floor to the shoulder, and her ability to perform occasional object handling, fingering, simple hand grasp, and occasional fine and gross hand manipulation. *See id.* (citing Ex. 1F/2). The ALJ properly considered the factors set forth in 20 C.F.R. § 404.1520c(b)(2), including supportability and consistency, and has provided sufficient explanation for the Court's review. *See Grennan*, 2022 WL 2056277, at *5 ("The ALJ's explanation of the supportability and consistency factors satisfies the minimal requirements of § 404.1520c(b)(2). Thus, the ALJ was justified as a matter of law in finding [the medical] opinion persuasive, rendering [the claimant's] arguments to the contrary unpersuasive."); *Teixeira v. Comm'r, SSA*, No. 4:21-cv-00003, 2022 WL 3130859, at *9 n.15 (E.D. Tex. July 12, 2022), *R. & R. adopted*, 2022 WL 3107856 (E.D. Tex. Aug. 4, 2022) (emphasizing that "the ALJ's assessment and articulation of consistency and supportability must be read in full context of the RFC findings") (citation omitted). As discussed below, in assessing the physical RFC, the ALJ evaluated the other medical opinion evidence, objective medical testing, and Ms. Ballidis's testimony as to her limitations in daily activities. Thus, the Court does not find a legal basis to remand based on the ALJ's evaluation of physical therapist Andrew Martinez's medical opinion.

### B. Substantial Evidence

Having found no legal error in the standard the ALJ applied in considering the medical opinion evidence, the Court next considers Ms. Ballidis's argument that substantial evidence does not support the ALJ's decision.

The RFC is an assessment of a claimant's ability to do work on a sustained basis in an ordinary work setting despite the claimant's impairments. *See Myers v. Apfel*, 238 F.3d 617, 620 (5th Cir. 2001). The RFC assessment is based on "all of the relevant medical and other evidence,"

9

20 C.F.R. § 416.945(a)(3), including, but not limited to: medical history, medical signs, and laboratory findings; the effects of treatment; and reports of daily activities, lay evidence, recorded observations, medical source statements, and work evaluations. SSR 96-8p, 1996 WL 374184, at *5. When determining a claimant's RFC, the ALJ is required to "consider the limiting effects of all [the claimant's] impairment(s), even those that are not severe." 20 C.F.R. § 416.945(e). This is because symptoms from other impairments "may cause a limitation of function beyond that which can be determined on the basis of the anatomical, physiological or psychological abnormalities considered alone[.]" *Id.* The ALJ "is responsible for assessing the medical evidence and determining the claimant's residual functional capacity." *Perez v. Heckler*, 777 F.2d 298, 302 (5th Cir. 1985).

In the ALJ's decision, the ALJ found Ms. Ballidis had severe physical impairments of degenerative disc disease of the cervical spine with radiculopathy and left ACL tear. Tr. 21. The ALJ further found Ms. Ballidis had the following physical RFC:

> to lift, carry, push, and pull 20-pounds occasionally and 10-pounds frequently. The claimant can sit for a total of 6-hours of an 8-hour workday and can stand and walk for a total of 6-hours of an 8-hour workday. The claimant can occasionally perform reaching (in all directions), handling, fingering, and feeling with the right upper extremity. Finally, the claimant can occasionally climb ramps and stairs, can occasionally climb ladders, ropes, and scaffolds, and can perform occasional balancing, stooping, kneeling, crouching and crawling.

*Id.* at 25. The ALJ considered Ms. Ballidis's testimony concerning the intensity, persistence, and limiting effects of her symptoms and found her allegations "not sufficiently supported by the record as a whole in light of the objective medical findings, the medical history and degree of medical treatment required, and the claimant's description of her activities of daily living." *Id.* at 27. The ALJ noted Ms. Ballidis's daily activities after the alleged onset date indicated she could

perform light cleaning, vacuuming, and laundry and she was able to walk one hour before needing to rest. *See id.* at 28 (citing Ex. 3E/4, 7).

The ALJ considered Ms. Ballidis's treatment history and found her statements as to the severity of her symptoms to be inconsistent because "although the claimant did undergo surgery to her cervical and lumbar spine, as well as her ACL, the record reflects that those surgeries were generally successful in relieving the symptoms." *Id.* The ALJ further noted the objective medical evidence showed there was secondary foraminal stenosis, but no focal nerve or compression was visible, and the interval cervical computed tomography myelogram study did not show any evidence of significant residual cervical neuroforaminal stenosis. *See id.* (citing Ex. 3/F5–6; 6F/7; 7F/42–43). The ALJ also noted Ms. Ballidis's clinical examinations, including findings that her right arm was starting to atrophy from lack of use and her cervical spine revealed a decreased range of motion. *See id.* (citing Ex. 5F/3, 14; 6F/5–6; 7F/20). The ALJ thus reduced the physical RFC to light level in lifting, carrying, pushing, and pulling and occasional reaching in all directions and for the right upper extremity for handling, fingering, and feeling. *See id.*

As to the medical opinion evidence of record, the ALJ found the medical opinion of physical therapist Andrew Martinez to be persuasive, as it was consistent with the record as a whole, considered all of claimant's symptoms, was supported with explanation and objective testing, and was based on an evaluation of the claimant. *See id.* at 28 (citing Ex. 1F). The ALJ also found the opinions of the state agency medical consultants (the "SAMCs") to be persuasive, as they were supported by objective medical evidence and consistent with the record as a whole. *See id.* (citing Ex. 1A; 3A; 1F). The ALJ also considered Dr. Andrew Wilkins's opinion and found it partially persuasive, as Dr. Andrew Wilkins noted there were substantial limitations performing manual tasks with the right arm for more than thirty minutes at a time, which was consistent with

the reduction to occasional reaching, handling, fingering, and feeling with the right upper extremity. *See id.* at 29 (citing Ex. 9F/2–8). However, the ALJ found Dr. Andrew Wilkins's opinion that Ms. Ballidis cannot lift more than ten pounds to not be persuasive, as it was not consistent with the record as a whole, which established the claimant was not as limited. *See id.*

Ms. Ballidis argues substantial evidence does not support the physical RFC assessment because physical therapist Andrew Martinez's testing indicated that Ms. Ballidis "[c]an only *occasionally* carry [ten pounds]," which "is not the frequent requirement seen in 20 C.F.R. § 404.1567 when defining Light work or in the definition used by [physical therapist Andrew] Martinez." Dkt. 13 at 13. Ms. Ballidis also asserts physical therapist Andrew Martinez's testing indicated "only occasional use, bilaterally (object handling, fingering, simple hand grasp, firm hand grasp, fine/gross manipulation)." *Id.* at 14 (citing Tr. 260). Ms. Ballidis further points to the August 2019 educational accommodation form completed by her treating orthopedist, Dr. Andrew Wilkins, which noted Ms. Ballidis could not lift more than ten pounds and could not write, hold pens, and type for more than thirty minutes at a time due to substantial nerve damage. *See id.* at 14–15 (citing Tr. 471). The Commissioner argues Ms. Baillidis's assertion that it is unclear as to how the ALJ used the term "occasionally" lacks merit. *See* Dkt. 14 at 9. The Commissioner additionally argues the ALJ properly considered the August 2019 educational accommodation form completed by Dr. Andrew Wilkins and the ALJ further addressed the objective medical evidence, as well as Ms. Ballidis's reported activities of daily living, in the physical RFC assessment. *See id.* at 11–13.

The Court concludes the ALJ's physical RFC assessment is supported by substantial evidence. "A finding of no substantial evidence is appropriate *only* where there is a conspicuous absence of credible choices or no contrary medical evidence." *Rivera v. Comm'r of Soc. Sec.*, No.

6:20-cv-614, 2021 WL 7906837, at *2 (E.D. Tex. Nov. 22, 2021) (citing *Homan v. Comm'r of Soc. Sec. Admin.*, 84 F. Supp. 2d 814, 818 (E.D. Tex. 2000)) (emphasis added); *see also Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000) (explaining the reviewing court "may not reweigh the evidence or substitute [its] judgment for that of the Commissioner"). Physical therapist Andrew Martinez found Ms. Ballidis demonstrated the ability to lift up to twenty pounds and could occasionally carry ten pounds. *See* Tr. 260. Dr. Andrew Wilkins found Ms. Ballidis "cannot lift [in] excess of 10 lbs." *Id.* at 471. However, the SAMCs found Ms. Ballidis could occasionally lift and carry twenty pounds and frequently lift and carry ten pounds. Tr. 70, 83. Furthermore, the SAMCs found a physical RFC of light work to be appropriate. *See id.* at 73, 85. The ALJ also considered Ms. Ballidis's testimony of her daily activities, as well as the objective medical evidence of record, and determined a reduction to a light RFC with limitations for occasional reaching in all directions, handling, fingering and feeling with the right upper extremity. *See id.* at 27. Thus, the Court finds the ALJ's physical RFC assessment is supported by substantial evidence in the record.

Ultimately, Ms. Ballidis is asking the Court to come to its own conclusions as to the alleged contradictions between medical opinions of record and undertake its own determination of whether she should be classified as disabled. But this is the "type of *de novo* review courts must decline." *Cook v. Kijakazi*, No. 4:21-CV-03594, 2023 WL 375368, at *4 (S.D. Tex. Jan. 24, 2023), *R. & R. adopted*, 2023 WL 2020973 (S.D. Tex. Feb. 15, 2023) (citing *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999)). Ms. Ballidis asserts the "uncontradicted findings indicate that [she] does not meet the strength and durational requirements needed for the 'light work' offered by the Vocational Expert." Dkt. 13 at 12. However, there is contradictory evidence in the record, as the SAMCs found that Ms. Ballidis could frequently carry ten pounds and a physical RFC of light work was

13

appropriate. Tr. 70, 83. "Conflicts of evidence are for the Commissioner, not the courts, to resolve." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005) (citing *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002)); *see also Whitehead v. Colvin*, 820 F.3d 776, 782 (5th Cir. 2016) (holding courts cannot "reweigh the evidence or substitute [their] judgment" for that of the ALJ); *Teixeria*, 2022 WL 3130859, at *11 (collecting cases).

In conclusion, the Court finds substantial evidence supports the ALJ's physical RFC assessment and there is no legal basis for remand. *See Leggett*, 67 F.3d at 564.

## IV. RECOMMENDATION

For the foregoing reasons, the Court recommends that the Commissioner's final decision be **AFFIRMED**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140 (1985); *see also Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten (10) to fourteen (14) days).

**So ORDERED and SIGNED this 21st day of February, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE